CITIZENS' LOAN ASSOCIATION vs. JAMES MARTIN, Sheriff.

New Castle County, February Term, 1894.

**Judgment. Lien.**—A judgment by default, which is interlocutory in its nature and which cannot become final until the amount is ascertained, is of itself no lien, nor will the lien of the final judgment when entered thereon relate back to the entry of the interlocutory judgment, but it takes effect as a lien from the time of ascertaining the amount.

This was a case stated to determine the priority of liens upon real estate sold by the defendant as Sheriff. The land sold was subject to a mortgage held by the plaintiff recorded March 5, 1881. There was also a judgment by default recovered against the defendant in the execution under which the land was sold, which had been taken for want of an appearance upon *narr* filed December 6, 1880, amount to be ascertained by inquisition. An inquisition was held and the amount ascertained May 24, 1881. The proceeds of the sale of the land were applied by the Sheriff to the judgment which the plaintiff claimed were properly applicable to the mortgage held by it.

*McCaulley,* for plaintiff.

*Churchman,* for defendant.

LORE, C. J., delivered the opinion of the Court.

The question raised in this case is: Which was the prior lien on the real estate sold, the mortgage of the Citizens' Loan Association, which was recorded March 5, 1881, or the judgment of J. S. Custer & Co., whose judgment by default, for want of appearance, was taken upon *narr* filed December 6, 1880, amount to be ascertained by inquisition at bar, which amount was so ascertained May 24, 1881?

The general rule is that "a judgment by default which is interlocutory in its nature, and which cannot become final until the

amount is ascertained, is of itself no lien, nor will the lien of the final judgment when entered thereon relate back to the entry of the interlocutory judgment." To make it a lien it should be final and definite; Freem. Judgments, § 340; *Davidson vs. Meyers et al.,* 24 Md. 538; Black Judgments, § 408.

Judgment in this case was taken, amount to be ascertained by inquisition at bar, which is a writ of inquiry.

Section 4, Ch. 92, page 698, Code of '93, provides as follows: "The Judges who give any interlocutory judgment shall on motion make an order in the nature of a writ of inquiry to charge the jury attending at the same or next court to inquire in open court of the damages and costs sustained by the plaintiff in such action, and return their inquisition, under their hands and seals, whereupon the Court may proceed to judgment."

The last sentence of the section, "Whereupon the Court may proceed to judgment," that is, upon return of the inquisition, necessarily implies that no final and complete judgment had theretofore been rendered. The statute therefore brings this case within the rule above stated. The lien of the judgment therefore begins May 24, 1881, the date of final judgment.

This would be so, even if it should be contended that the form of the judgment being for amount to be ascertained by inquisiton at bar, brought it within the words, "or other persons," of section 3, Ch. 110, page 809, Code of '93, which provides, "A judgment given, amount to be ascertained by the prothonotary *or other person,* shall bind from the time of its entry, if the amount be ascertained and entered upon the docket before the first day of the term next after that in which the judgment is given, but otherwise only from the time of entering upon the docket the ascertained amount."

The first day of the term of court next after the interlocutory judgment of December 6, 1880, was May 16, 1881. The amount was not ascertained until May 24, 1881.

We are of the opinion that the judgment of J. F. Custer & Co. was a lien only from the time of ascertaining the amount May

24, 1881, and that the mortgage of the Citizens' Loan Association is the first lien, and therefore order that judgment be entered in favor of the plaintiff.·